1
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10
11   CHARLES WADE,
12            Plaintiff,                    Case No. 2:17-cv-05841-AB (GJS)
13        v.                               **ORDER DISMISSING ACTION**
14   DEBBIE ASUNCION, et al.,               **WITHOUT PREJUDICE**
15            Defendants.
16
17        On August 7, 2017, Plaintiff Charles Wade ("Plaintiff") filed a complaint

18   under 42 U.S.C. § 1983 against Warden Debbie Asuncion, the State of California,

19   the California Department of Corrections and Rehabilitation, California State

20   Prison—Lancaster (CSP-Lancaster), Sandy Ramirez, Rebecca Ramirez, Sharon

21   Ramirez, and Doe mental health employees.  [Dkt. 1 ("Compl.").]  On October 11,

22   2017, the Court denied Plaintiff's request to proceed without prepayment of the

23   filing fee based on inadequate showing of indigency, and gave Plaintiff 30 days to

24   pay the filing fee or the case would be dismissed.  [Dkt. 7.]  On October 18, 2017,

25   Plaintiff paid the filing fee.  [Dkt. 8.]

26        Pursuant to its screening obligations under 42 U.S.C. § 1997e(c)(1), the Court

27   screened the Complaint and found it to be substantially defective.  For example, the

28   claims alleged against three of the Defendants are barred by the Eleventh

Amendment.  The claims alleged against the remaining Defendants are barely intelligible and fail entirely to state a cognizable claim under the Eighth Amendment, Due Process Clause, or any other constitutional amendment.  On December 14, 2017, the Court issued an Order that: (1) dismissed the Complaint, without leave to amend, with respect to the claims barred by the Eleventh Amendment; and (2) dismissed the Complaint, with leave to amend within 30 days, with respect to Plaintiff's claim against the remaining Defendants [Dkts. 8, 9.]  The Court explicitly cautioned Plaintiff that "failure to timely file a First Amended Complaint within thirty days of this Order, or failure to correct the deficiencies described herein, may result in this action being dismissed."  [Dkt. 8 at p. 6.]

It is now more than ten days past Plaintiff's deadline to file a First Amended Complaint, and he has neither filed a First Amended Complaint nor requested an extension of time to do so.  The Court, therefore, assumes that he no longer wishes to pursue this case and that this action may be dismissed.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).  In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, only the fifth factor, the general policy favoring resolution of cases on the merits, arguably could favor retention of this action on the Court's docket.  However, for the reasons set forth in the December 14, 2017 Order, the Complaint is defective, and given its defects, dismissal was required.  There is no operative pleading on file in this case due to Plaintiff's noncompliance with the

December 14, 2017 Order. Hence, the merits of Plaintiff's claim, if any, do not favor retention of this case on the docket.

Plaintiff's delay necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently, the first and second factors. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's failure to comply with the Court's December 14, 2017 Order has caused this action to come to a halt, thereby impermissibly allowing Plaintiff, rather than the Court, to control the pace of the proceedings in this case.

The third factor—possible prejudice to the opposing party—is, at best, neutral to Plaintiff. The Complaint is based, for the most part, on "mind control" and "drugs" that Plaintiff received on an unspecified date as a form of "mental health treatment" while he was at CSP-Lancaster. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to any Defendant as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227.

In addition, the fourth factor favors dismissal. The December 14, 2017 Order specifically admonished Plaintiff that his failure to comply with the Order and to file a First Amended Complaint could result in the dismissal of this action. [Dkt. 8 at p. 6.] Having been so cautioned, yet having failed to respond to the December 14, 2017 Order, it appears that Plaintiff does not intend to pursue this case. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Yourish*, 191 F.3d at 992 (finding Rule 41(b) dismissal based on plaintiff's failure to file amended complaint as ordered was warranted when strongly supported by three factors).

///

///

3

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution.

**IT IS SO ORDERED.**

DATED:  March 07, 2018

_____
ANDRÉ  BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE